UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 13-10014 |
| RIVERBEND MARINE, L.L.C. | SECTION "B" |
| DEBTOR | CHAPTER 7 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING APPROVAL OF ORDER GRANTING SALE MOTION FILED BY CHAPTER 7 TRUSTEE FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS**

**CONSIDERING** the *Motion Pursuant to Bankruptcy Code Sections 105 and 363 and Federal Rules of Bankruptcy Procedure 2002 and 6004 for an Order (A) Authorizing the Sale of Certain Movable Property Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving Bid Procedures* [**P-18**] (the "*Sale Motion*") filed by Ronald J. Hof, in his capacity as chapter 7 trustee for the bankruptcy estate of Riverbend Marine, L.L.C., (the "*Trustee*"), the February 20, 2013 hearing on the Sale Motion (the "*Sale Hearing*"), and in further support of oral reasons for ruling issued at that hearing, the Court issues these *Findings of Fact and Conclusions of Law Supporting Approval of Order Granting Sale Motion filed by Chapter 7 Trustee Free and Clear of All Liens, Claims and Interests* ("**Findings and Conclusions**"):

a. **Jurisdiction and Venue**. The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(a). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

b. **Statutory Predicates**. The statutory predicates for the relief sought in the Sale Motion are sections 105 and 363 of the Bankruptcy Code, and Federal Rules of Bankruptcy Procedure 2002 and 6004.

c. **Entry of Bidding Procedures Order**. On February 6, 2013, this Court entered an order [P-29] (the "*Bidding Procedures Order*") (i) approving certain bidding procedures (the "*Bidding Procedures*"); (ii) approving the form and manner of notice of the Sale Motion, the auction, the Bidding Procedures and the final hearing on the Sale Motion (the "*Sale Notice*"); and (iii) setting the final hearing on the Sale Motion (the "*Sale Hearing*").

d. **Basis for Relief**. The legal and factual bases set forth in the Sale Motion and the record establish just cause for the relief requested in the Sale Motion, which is in the best interests of the Estate, its creditors and all parties in interest.

e. **Compliance with Bidding Procedures Order**. As demonstrated by the record of the case and arguments of counsel at the Sale Hearing, the Trustee has marketed that certain vessel named the M/V Tako Spirit identified by the United States Coast Guard as official number 616980 (the "*Vessel*") and conducted the sale process in compliance with the Bidding Procedures Order and the auction was duly noticed. The Trustee and his respective professionals have actively marketed the Vessel and conducted the sale process in compliance with the Bidding Procedures and Bidding Procedures Order, and have afforded potential purchasers a full and fair opportunity to make higher and better offers.

f. **Notice**. As evidenced by the certificate of service previously filed with the Court [P-30], and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate and sufficient notice of the Sale Notice with attached Bidding Procedures Order has been provided in accordance with section 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9013 and in compliance with the Bidding Procedures Order; (ii) such notice was good and sufficient, and appropriate under the particular

circumstances, including, without limitation, with respect to parties or entities that may have claims against the Vessel; and (iii) no other or further notice of the requested relief is or shall be required. The disclosures made by the Trustee concerning the requested relief were good, complete and adequate.

g. **Opportunity to Object**. A fair and reasonable opportunity to object or be heard with respect to the requested relief has been afforded to all interested persons and entities, including, without limitation: (i) those persons filing notices of appearance or requests for notice under Bankruptcy Rule 2002 in this chapter 7 case; (ii) the Office of the United States Trustee for the Eastern District of Louisiana; (iii) all creditors of the bankruptcy estate of Riverbend Marine, LLC (the "*Estate*"); (iv) any and all parties who have been identified as a possible qualified bidder; (v) any person asserting a security interest or lien or ownership of the Vessel; and (vi) any other party which the Trustee determined may have an interest in submitting a qualified bid.

h. **Sale in Best Interest**. Consummation of the Sale of the Vessel at this time is in the best interests of the Estate, the creditors of the Estate and other parties in interest.

i. **Business Justification**. Sound business reasons exist for the Sale. Entry into the Vessel Purchase Agreement attached hereto as **Exhibit "A"** ("*VPA*") constitutes the Trustee's exercise of sound business judgment and such act is in the best interests of the Estate, the creditors and all parties in interest. The Court finds that the Trustee has articulated good and sufficient business reasons justifying the Sale and the requested relief. Such business reasons include, but are not limited to, the following: (i) the VPA constitutes the highest and best offer for the Vessel; and (ii) the VPA and the closing thereon will present the

best opportunity to realize the value of the Vessel and avoid decline and devaluation of the Vessel.

j. **Arm's Length Sale**. According to the proffered testimony of Melvin P. Richard, Jr. (introduced without objection), the due diligence process was conducted at arm's length, and there existed no connections or relations among or between the Estate and/or the Trustee and the Purchaser that could have caused the Purchaser's bid to be tainted by self dealing or collusion. The VPA was negotiated, proposed and entered into by the Trustee and the Purchaser without collusion, in good faith, not by any means forbidden by law and from arm's length bargaining positions. Neither the Trustee nor the Purchaser has engaged in any conduct that would cause or permit the VPA to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code. For these reasons, the Estate and/or the Trustee and the Purchaser are entitled to the protections of Bankruptcy Code section 363(m) and 363(n).

k. **Good Faith Purchaser**. The Purchaser is a good faith Purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the VPA at all times after the entry of this Order.

l. **Consideration**. The Trustee and his professionals conducted a Sale process in accordance with, and have otherwise complied in all respects with, the Bidding Procedures Order. The auction process set forth in the Bidding Procedures Order afforded a full, fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Vessel. The auction was duly noticed in a

noncollusive, fair and good faith manner and a reasonable opportunity has been given to any interested party to make a higher and better offer for the Vessel. In light of the fact that the only Qualified Bid (as defined in the Bidding Procedures), other than the Qualified Bid of the Purchaser, submitted by the Bid Deadline (as defined in the Bidding Procedures) was rescinded, an auction was not conducted in accordance with the Bidding Procedures. Based on the record of this case and the arguments of counsel at the hearing on the Sale, the consideration provided by the Purchaser for the Vessel pursuant to the VPA (i) is fair and reasonable; (ii) is the highest and best offer for the Vessel; (iii) will provide a greater recovery for the Estate's creditors than would be provided by any other practical available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia.

m. **Free and Clear**. The Trustee may sell the Vessel free and clear of all liens, claims, interests or encumbrances, with all such liens, claims, interest or encumbrances attaching to the proceeds from the Sale, because, with respect to each creditor asserting liens, claims, interests or encumbrances, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of liens, claims, interests or encumbrances who did not object or withdrew objections to the Sale are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of liens, claims, interests or encumbrances who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code. All persons or entities holding liens, claims, interest or encumbrances in, to or against the Vessel are forever barred from asserting such liens, claims, interest or encumbrances

against the Purchaser, its successors and assigns or the Vessel after Closing, except as expressly provided in the VPA.

n. **Consummation.** Pursuant to Bankruptcy Code sections 105 and 363, the Trustee and the Purchaser shall be authorized to take any and all actions necessary or appropriate to (i) consummate the Sale to the Purchaser and the closing of the Sale in accordance with the Sale Motion, the VPA and the Order entered by this Court approving the Sale; and (ii) perform, consummate, implement and close fully the VPA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the VPA.

o. **Prompt Consummation**. The order approving the Sale constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). The Sale of the Vessel must be approved and consummated promptly in order to preserve the value of the Vessel. Therefore, time is of the essence in consummating the Sale, and the Trustee and the Purchaser intend to close the Sale as soon as possible. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth.

p. **No Fraudulent Transfer**. The VPA was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia. The consideration under the VPA provided by the Purchaser is the highest and otherwise best

offer received by the Trustee, and such consideration constitutes reasonably equivalent value for the Vessel under the Bankruptcy Code and other applicable law.

q. **Purchaser Not Insider**. Immediately prior to the Closing (as defined in section iv(c) of the VPA), the Purchaser was not an "insider" or "affiliate" of Riverbend Marine, LLC, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors or stockholders exists between the Purchaser and Estate and/or Riverbend Marine, LLC. Pursuant to the VPA, the Purchaser is not purchasing all of the Estate's assets, only the Vessel, and the Purchaser is not holding themselves out to the public as a continuation of the Estate and/or the Trustee. The Sale does not amount to a consolidation, merger or de facto merger of the Purchaser and the Trustee and/or the Estate and/or Riverbend Marine, LLC, there is no substantial continuity between the Purchaser and the Trustee and/or Riverbend Marine, LLC, there is no continuity of enterprise between the Trustee and the Purchaser and/or Riverbend Marine, LLC, the Purchaser is not a mere continuation of the Trustee or the Estate and/or Riverbend Marine, LLC, and the Purchaser does not constitute successors to the Trustee or the Estate and/or Riverbend Marine, LLC to the extent allowed under state law.

r. **Legal, Valid Transfer**. The transfer of the Vessel to the Purchaser will be a legal, valid, and effective transfer of the Vessel, and will vest the Purchaser with all right, title, and interest of the Trustee and/or the Estate to the Vessel free and clear of all liens, claims and encumbrances, except as set forth in the VPA.

New Orleans, Louisiana, February 20, 2013.

*J. A. Brown*
_____
Jerry A. Brown
U.S. Bankruptcy Judge